**Opinion filed August 7, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00158-CR

_____

## JOSEPH WILLIAM JUMPER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 396th District Court**
**Tarrant County, Texas**
**Trial Court Cause No. 1794891**

## M E M O R A N D U M   O P I N I O N

Appellant, Joseph William Jumper, was charged by indictment with seven counts of indecency with a child by sexual contact, second-degree felonies. TEX. PENAL CODE ANN. § 21.11(a)(1), (d) (West 2019). He was convicted by a jury of two counts, and the trial court assessed his punishment for each conviction at imprisonment for two years in the Institutional Division of the Texas Department of Criminal Justice, to be served concurrently.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. *See Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a pro se form motion for access to the clerk's record and reporter's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief, and of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. As such, counsel has complied with the requirements of *Anders*, 386 U.S. 742–44; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d at 409–12; and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and likewise conclude, that no arguable grounds for appeal exist.[1] *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 & n.6 (Tex. Crim. App. 2005). During the guilt phase of trial, the State presented the testimony of five witnesses: (1) I.J.,[2] the child victim; (2) Detective Joshua Runyon with the Fort Worth Police Department; (3) pediatric nurse practitioner Elizabeth Popeck who performed I.J.'s sexual assault exam; (4) forensic interviewer Samantha Torrance; and (5) Jodie Weaver, I.J.'s former teacher to whom she made her outcry. The State's exhibits included the video recording of I.J.'s forensic interview, Appellant's recorded statement to Detective Runyon, and Appellant's handwritten

---

[1]Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

[2]We use initials to refer to the child victim. *See* TEX. CONST. art. I, § 30(a)(1); TEX. R. APP. P. 9.10.

apology note to I.J. and her parents. After the State rested its case-in-chief, three witnesses testified in Appellant's defense.

The evidence demonstrated that I.J. lived with Appellant, her cousin, and his family from late 2018 to early 2019. At that time, I.J. was five years old and Appellant was nineteen. In October 2020, after her first-grade class was taught the difference between "safe and unsafe touches," I.J. informed her teacher that Appellant had touched her inappropriately. I.J. discussed the offenses in detail during her forensic interview and sexual assault exam, and her trial testimony was consistent with the information she gave to Popeck and Torrance. Moreover, Appellant admitted to Detective Runyon during his non-custodial interview that he touched I.J. multiple times.

Following the close of evidence, the State waived three counts in the indictment. The jury found Appellant guilty of two out the remaining four counts, and the trial court ordered a presentence investigation report to (PSI) be prepared prior to a separate sentencing hearing. At the sentencing hearing, the parties relied solely on the PSI, and the trial court assessed Appellant's punishment at concurrent two-year terms of imprisonment for each conviction. On this record, we conclude that there are no arguable issues to present on appeal. *See Anders*, 386 U.S. at 744; *Bledsoe*, 178 S.W.3d at 826–27 & n.6.

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgments of the trial court.


W. BRUCE WILLIAMS

August 7, 2025                                   JUSTICE

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

3